1 .THIBODEAUX, Judge.
In this child support case, the hearing officer made specific findings and recommendations to the trial court. After M.W.D., appellant, and C.G.D., appellee, failed to timely object to the recommendations, the recommendations became a final order.[1] The trial court issued a judgment and a supplemental judgment expanding the hearing officer’s recommendations. M.W.D. appeals the trial court’s judgments.
We reverse and render a judgment. The trial court was without authority to *1129 deviate from the unopposed recommendations of the hearing officer whose recommendations became a final order.
I.

ISSUE

M.W.D. raises the following issues on appeal:
(1) whether it is error for the district judge to sign a judgment expanding the hearing officer’s recommendations in a child support matter that was not timely objected to by either party; and,
(2) whether it is error for the district judge to sign a supplemental judgment which does not conform to the local court rales and without a hearing.
II.

FACTS AND PROCEDURAL HISTORY

M.W.D. and C.G.D. were divorced on October 31, 1994. Over the next few years, there was protracted litigation over matters which are not directly at issue on this appeal. This appeal concerns a hearing on a rale for past due child support, |2for an increase in child support, and for payment of outstanding medical and attorney’s fees held on April 17, 2000, before a hearing officer. The hearing officer made these specific recommendations: (1) a deviation upward of the child support to the sum of $716.50 per month in order to maintain the health insurance on the children; (2) that C.G.D. is to continue to provide medical insurance for the minor children; and, (3) that all uncovered medical expenses are to be shared by the parties fifty percent each. Neither M.W.D. nor C.G.D. filed a timely objection to these recommendations.
Subsequently, the trial court asked both parties to submit a proposed judgment. M.W.D.’s proposed judgment included the hearing officer’s recommendations as well as an additional provision designating Christine S. Dugas, BCSW, as a mental health counselor for one of the children in the event it was determined that the child needed counseling. C.G.D.’s proposed judgment included a provision whereby mental health expenses associated with Mary Yeager, BCSW, and/or Larry Benot, Ph.D., for treatment of the minor children and the parties arising out of the sexual abuse issues were to be solely at the expense of M.W.D. On June 23, 2000, the trial judge signed an expanded proposed judgment incorporating these two additional provisions which had not been in the hearing officer’s recommendations. Then on July 31, 2000, C.G.D. offered a Supplemental Judgment on Child Support Issues which further expanded the hearing officer’s recommendations. This supplemental judgment included the following provisions: (1) M.W.D. was to institute a direct draft for transmission from his personal bank account to C.G.D., the full sum for child support and insurance premium payments; (2) M.W.D. was to pay all arrear-age on the child support from September 2, 1999 to the present time on/or before Friday, June 16, 2000, the sum being $2,300.81; and |a(3) M.W.D. was to pay $450.42 on an insurance bill. This supplemental judgment was also signed by the trial judge. M.W.D. appeals from both the judgment and the supplemental judgment and asks that this court reverse the trial court and impose only those recommendations made by the hearing officer.
III.

LAW AND ARGUMENT

Standard of Review
M.W.D. argues that the trial court’s signing of an expanded judgment and a *1130 supplemental judgment, both of which were beyond the scope of the recommendations made by the hearing officer, was erroneous and urges this court to accordingly reverse the judgment. M.W.D. also argues that the signing of these judgments was an abuse of discretion. The abuse of discretion standard is inappropriate under these circumstances. The trial court was not legally empowered to substitute a judgment which expanded upon the unob-jected to recommendations of the hearing officer.
Expansions to the Hearing Officer’s Recommendations
M.W.D. argues that the trial court erred because it accepted C.G.D.’s expansions to the hearing officer’s judgment after neither party had filed a timely objection. Louisiana Revised Statutes 46:236.5(C)(3)(a) provides that a hearing officer in a child support case “shall act as a finder of fact and shall make recommendations to the court concerning .... the [establishment and modification of support.” Following a hearing on the merits, the hearing officer is to summarize the findings and make a written recommendation to the court concerning the disposition of the matter. These recommendations function as the proposed | Judgment. The parties then have the opportunity to contest the hearing officer’s findings by the fifing of an exception within a particular period of time:
(6) Any party, within the time and manner established by court rule, may file an exception to the findings of fact or law of the hearing officer. Upon fifing of the exception, the court shall schedule a contradictory hearing to be held before the judge who shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.
(7) If no exceptions are filed within the time established by court rule, an order shall be signed by the judge, which shall be a final judgment and be appealable to the appropriate court of appeal.
La. R.S. 46:236.5(0.
Thus, any party, within the time and manner established by court rule, may file an exception to the findings of the hearing officer. Rule 65(C) of the Family Court of the Fifteenth Judicial District provides in part as follows:
4. After the hearing officer makes the recommendation, the parties will have three (3) days, exclusive of legal holidays, from the date of the hearing, to object to the hearing officer recommendation.
5. If the hearing officer’s recommendation is not objected to within three (3) days, then the hearing officer’s recommendation becomes a final order and may thereafter be presented to the court for signature. A certification to the hearing officer’s recommendation must be attached to the final order.
C.G.D. admits that no exceptions were timely filed by either party. However, C.G.D. argues that the additional matters that were addressed in the court’s judgments, although not in the hearing officer’s recommendations, were in fact discussed and agreed upon in conference. C.G.D. thus urges that this Court either let |Bthe record stand as written or, in the alternative, vacate the judgments and remand back to the hearing officer and/or the trial court for a trial on the merits.
Whether or not the issues were addressed at the conference with the hearing officer is irrelevant. There is nothing in *1131 the record to attest to these allegations. This court is not free to speculate as to matters that transpired off the record. More importantly, it is abundantly clear that, in this case, under Rule 65(C)5, the hearing officer’s recommendation had become a final order after the passage of three days without objection by either party. If C.G.D. found that issues were left unaddressed in the hearing officer’s recommendations, then it was incumbent upon her to contest those findings within the three-day time limit. Further, La.R.S. 46:236.5(0)7 is absolutely clear in mandating that the judge shall sign such a recommendation once it becomes a final order as it did here. Upon becoming a final order, there should have been no more revisions or expansions to the hearing officer’s recommendations. Louisiana Revised Statutes 46:236.5 and the local rules both mandate that the judge sign the final order as it is. Therefore, we find that the trial court committed legal error in signing the expanded judgment.
The Supplemental Judgment
M.W.D. also argues that the trial judge was wrong to sign the supplemental judgment which failed to conform to Part IV, Rule 9, Section 5 of the 15th Judicial District’s Rules of Court. M.W.D. alleges that the judgment was non-conforming because there had been no hearing on the issues prior to the signing of the supplemental judgment.
Louisiana Revised Statutes 46:236.5 provides the following:
B. (1) Any court with jurisdiction to establish paternity or to establish or enforce support obligations |fishall implement an expedited process for the establishment or enforcement thereof in accordance with existing judicial procedures or the provisions of Subsection C of this Section. “Expedited process” means administrative or expedited judicial processes or both which increase effectiveness and meet completion time frames specified in Paragraphs (1) and (2) of Subsection A of this Section....
[[Image here]]
C. An expedited process for the establishment of paternity and the establishment and enforcement of support using hearing officers shall be implemented as follows:
(1) The judge.or judges of the appropriate court or courts for the establishment of paternity or the establishment and enforcement of support shall appoint one or more hearing officers to hear paternity, support, and support-related matters.
(2) The hearing officer shall be a full-time or part-time employee of the court and shall be an attorney who has been in good standing with any state bar association for not less than five years and has prior experience in cases involving child support services.
(3) The hearing officer shall act as a finder of fact and shall make recommendations to the court concerning the following matters:
(a) Establishment and modification of support.
(b) Method of collection of support.
(c) Enforcement of support, including but not limited to proceedings under Children’s Code Article 1352 through 1355.
It is equally abundantly clear that the trial judge was required to assign any other support related matters to the hearing officer and to permit that officer to conduct a hearing on the merits. The hearing officer was required then to submit the recommendations to the judge. We find that the signing of the supplemental judgment in the absence of this process constituted legal error.
*1132 _[¿v.

CONCLUSION

We, therefore, find in favor of M.W.D. that the trial judge erroneously signed the expanded judgment after the hearing officer’s recommendations had already become a final order. We also find in favor of M.W.D. that the trial judge legally erred in signing a supplemental judgment which was submitted to the court without any type of hearing on the merits. We vacate and set aside the judgment of the trial court. In place of the vacated judgment, we render a new judgment, limited to the recommendations of the hearing officer. Our judgment is as follows:
1. Child support is to be increased to and paid by M.W.D. in the amount of $716.50, payable on the 1st day of each month, beginning May 1, 2000.
2. C.G.D. is to continue to provide medical insurance for the minor children.
3. All uncovered medical expenses are to be shared by the parties fifty percent each.
All costs of this appeal are assessed to C.G.D., the appellee.
REVERSED AND RENDERED.

. As per the Uniform Rules of Courts of Appeal Rules 5-1 and 5-2, pp. XXXVI-XXXVII, we use initials to refer to the parties in this opinion in order to ensure the confidentiality of a minor whose interests are the subject matter of these proceedings.