| JETERS, J.,
concurs in part and dissents in part.
I agree with the majority that the trial court judgment should be reversed. How *366 ever, I disagree with the decision to remand the matter and would simply render judgment in accordance with the hearing officer’s recommendation. In my opinion, the dispute over the failure of the hearing officer to check a box on the front of the HEARING OFFICER CONFERENCE REPORT to indicate that he prepared a ^worksheet in reaching his recommendation is of no import in resolving the issue on appeal. The only issue is whether the trial court had the authority to sign a judgment that varied from the hearing officer’s recommendation without holding a contradictory hearing. Louisiana Revised Statutes 46:236.5(C)(6) clearly states that the trial court does not have that authority. While the majority concludes that the hearing officer’s failure to check the appropriate box somehow misguided the litigants, I agree with Ms. Crawford that the recommendation of the hearing officer was clear and unambiguous and that the trial court exceeded its authority in changing that recommendation.
As the majority correctly points out, La. R.S. 46:236.5(0 establishes a procedure whereby hearing officers can effect an expedited process to dispose of, among others, child support issues. Specifically, La. R.S. 46:236.5(C)(3)(a) provides |¡¡that “[t]he hearing officer shall act as a finder of fact and shall make recommendations to the court concerning ... [establishment and modification of support.” Additionally, La. R.S. 46:236.5(0(5) provides:
The written recommendation of the hearing officer shall contain all of the following:
(a) A statement of the pleadings.
(b) A statement as to the findings of fact by the hearing officer.
(c) A statement as to the findings of law based on the pleadings and facts, including his opinion thereon.
(d) A proposed judgment.
The majority concludes that the failure of the hearing officer to provide his recommendation in judgment form somehow renders his recommendation invalid and proposes to remand for the hearing officer to prepare a judgment, separate from his written recommendation, for submission to the trial court. I do not find that La.R.S. 46:236.5(C)(5)(d) requires that the hearing officer prepare and submit a separate formal judgment, a task normally reserved for the attorneys for the litigants. Rather, I conclude that it only requires that the hearing officer prepare language to suggest the content of a formal judgment. The hearing officer did so in this case by providing the language in the section of the HEARING OFFICER CONFERENCE REPORT designated as the HEARING OFFICER’S RECOMMENDATIONS. This language specifically provided:
That the defendant be ordered to pay support of $1,014.10 per month, payable on the % on 1st & 15th day of each month, commencing on the 15th day of December, 1999.
[[Image here]]
That defendant be ordered to provide medical insurance for his minor children).
Extraordinary medical expenses as defined in RS 9:315.1(3) should be|spaid by the parties in the same percentage their incomes bear to the whole.
(Italic emphasis added.)
This is clearly language that might be incorporated into a formal judgment. Furthermore, La.R.S. 46:236.5(C)(5)(d) requires that the “proposed judgment” of the hearing officer be a part of the “written recommendation,” and not a separate document.
Even assuming that La.R.S. 46:236.5(C)(5)(d) requires the hearing offi *367 cer to prepare a separate formal judgment, the litigants failed to timely object to that failure in this matter. Thus, that issue is not properly before us. To remand for the hearing officer to prepare a formal judgment allows him an opportunity to make substantive changes in his recommendation based on a procedural error.
In summary, I find that the hearing officer’s recommendation was clear and unambiguous. The trial court had no power to modify that recommendation based on a written comment on the attached worksheet without holding a contradictory hearing. In fact, the trial court has no power to hold a contradictory hearing absent a request of one of the parties. La. R.S. 46:236.5(0(6). Simply stated, the trial court cannot alter the hearing officer’s recommendations without giving the parties an opportunity to be heard. See C.G.D. v. M.W.D., 00-1492 (La.App. 3 Cir. 2/28/01), 782 So.2d 1128.
I would reverse the trial court judgment and render judgment on the specifics of the hearing officer’s recommendation.