PARRO, J.
|2The State of Louisiana, Department of Social Services (DSS), appealed the judgment of the juvenile court, which modified the recommendation of the juvenile court hearing officer without a hearing and despite the fact that no party had filed a written objection to the recommendation of the hearing officer. For the following reasons, we remand this matter to the juvenile court, with instructions that it execute an amended judgment incorporating the October 21, 2009 recommendation of the hearing officer that required the father to obtain medical insurance coverage for his minor child.
FACTUAL AND PROCEDURAL BACKGROUND
This case involves an expedited process, authorized by LSA-R.S. 46:236.5, for the establishment of paternity and the establishment and enforcement of support and other related family and domestic matters using hearing officers. The instant matter was initiated by DSS, through the East Baton Rouge Parish District Attorney, in the juvenile court. After the issue of paternity was resolved, DSS sought child support from Sedric Sensley, the father of his minor child.[1]
The present matter came before the hearing officer on October 21, 2009, at a hearing to establish child support. Both Mr. Sensley and the child’s mother, Joh-netta Jones, were present at this hearing, as were Mr. Sensley’s attorney from the public defender’s office and an assistant district attorney on behalf of DSS. After discussion amongst the parties and counsel present, a stipulation was entered into the record in which it was agreed that Mr. Sensley was to pay temporary child support of $500 per month beginning on November 1, 2009.[2] Mr. Sensley was also to obtain medical insurance coverage for the minor child upon its availability through his employer, provided the cost did not exceed 10% of his gross monthly income. The stipulation ^further provided that an income assignment order was to be made effective immediately, and the matter was reset for February 3, 2010, in order for Mr. Sensley to provide his check stubs and the cost of insurance.
This stipulation was entered as the recommendation of the hearing officer on a form approved by the juvenile court. No party filed any objection to the hearing officer’s recommendation. Nevertheless, when the juvenile court signed its judgment on December 14, 2009, based on the hearing officer’s recommendation, the juvenile court modified the hearing officer’s recommendation by omitting the paragraph that required Mr. Sensley to obtain medical insurance for the minor child.[3] This modification took place despite the fact that no party filed an objection to the hearing officer’s recommendation, and de *231 spite the fact that no hearing before the juvenile court occurred before the modification. It is from this judgment that DSS has appealed.[4]
DISCUSSION
The judges of the juvenile court may appoint one or more hearing officers to hear child support and support-related matters. See LSA-Ch.C. art. 423(A)(1). The hearing officer shall file his report and recommendation with the court, and a copy shall be promptly provided to all parties or their counsel of record either at the hearing or by mail. LSA-Ch.C. art. 423(E). If any aggrieved party objects to the hearing officer’s recommendation, that party must file a written objection within the ten-day delay set forth in LSA-Ch.C. art. 423(F), after which the juvenile court will hear the case de novo, and enter judgment. However, for hearings utilizing the expedited process for the establishment of paternity or support and the enforcement of support, like the current matter, the delay for serving and filing objections shall be established pursuant to local rule, as provided in LSA-R.S. 46:236.5. LSA-Ch.C. art. 423(F).
14Louisiana Revised Statute 46:236.5 provides, in pertinent part:
B. (1) Any court with jurisdiction to establish paternity or to establish or enforce support obligations shall implement an expedited process for the establishment or enforcement thereof in accordance with existing judicial procedures or the provisions of Subsection C of this Section. “Expedited process” means administrative or expedited judicial processes or both which increase effectiveness and meet completion time frames specified in Paragraphs (1) and (2) of Subsection A of this Section.
[[Image here]]
C. An expedited process for the establishment of paternity and the establishment and enforcement of support and other related family and domestic matters in district courts using hearing officers may be implemented as follows:
(1) The judge or judges of the appropriate court or courts for the establishment of paternity or the establishment and enforcement of support and other domestic and family matters may appoint one or more hearing officers to hear paternity, support, and other domestic and family related matters. Domestic and family matters shall include divorce and all issues ancillary to a divorce proceeding; all child-related issues such as paternity, filiation, custody, visitation, and support in non-marital cases; all protective orders filed in accordance with R.S. 46:2131 et seq., R.S. 46:2151 et seq., and the Children’s Code and all injunctions filed in accordance with R.S. 9:361, 371, and 372 and Code of Civil Procedure Articles 3601 et seq., which involve personal abuse, terrorizing, stalking, or harassment; and enforcement of orders in any of these matters, including contempt of court.
* * *
(3) The hearing officer shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters as *232 set forth by local court rule, including but not limited to the following matters:
(a) Hear and make recommendations on establishment and modification of child and spousal support, child custody and visitation.
(b) Hear and make recommendations on method of collection of child and spousal support.
(c) Hear and make recommendations on enforcement of child and spousal support, including but not limited to proceedings under Children’s Code Articles 1352 through 1355, [5] and on enforcement of child custody and visitation.
[[Image here]]
(6) A copy of any written recommendations, order, or uncontested judgments rendered by the hearing officer shall be provided to the parties and their counsel at the time of the hearing officer’s ruling, if present. Any party who disagrees with a judgment or ruling of a hearing officer on a matter set forth in Paragraph (3) may file a written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule. The objection shall be heard by the judge of the district court to whom the case is assigned. Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the finding of the | shearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.
(7) If no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appeal-able as a final judgment. The judgment after signature by a district judge shall be served upon the parties in accordance with law.
In conjunction with the provisions of LSA-R.S. 46:236.5(0) and pursuant to Rule 41.2 of the Louisiana Juvenile Court Rules, the juvenile court adopted a local rule found in Appendix 24 of those rules.[6] See La. Juv. Ct. R. 41.2, App. 24. That local rule for this juvenile court provides, in pertinent part:

Motion for Contradictory Hearing

Any party may take exception to the Hearing Officer’s findings of fact and move for a contradictory hearing before the Judge of the appropriate Division of the Court. A written opposition to the Hearing Officer’s Recommendation to the Court shall be filed within 3 days from the date of the hearing with the Clerk of the Juvenile Court, Non-Support Division.
Upon filing a “Motion for Contradictory Hearing” opposing the Hearing Officer’s Recommendation, the Court shall schedule a contradictory hearing on the *233 Court’s next available date to be held before the Judge in the appropriate Division. The Judge shall accept, reject, or modify in whole or part the findings of the Hearing Officer.
Except in extraordinary circumstances, if no exception to the Hearing Officer’s Recommendation is filed within 3 days following the initial hearing before the Hearing Officer, an order shall be signed by the Judge of the appropriate Division which shall be a final Judgment and shall be appealable to the proper appellate court.
In its only assignment of error, DSS contends that the juvenile court was without authority to modify the hearing officer’s recommendation, since neither party filed an objection to the recommendation. DSS contends that such a modification is in violation of LSA-R.S. 46:236.5(C)(7) and the local rule quoted above. DSS notes that the parties stipulated to the terms of the support order, which became the recommendation of the hearing officer; that neither party filed an opposition to this x’ecommendation within the three-day period established by the local rule; and that no extraordinary circumstances | (¡exist in this matter to authorize the juvenile court to modify the recommendation without the filing of an opposition. Furthermore, DSS contends that even if such extraordinary circumstances existed, or if the juvenile court were otherwise permitted to modify the recommendation without the filing of an objection, no hearing was ever held before the juvenile court; rather, the juvenile court unilaterally modified the hearing officer’s recommendation without granting the parties an opportunity to introduce evidence or otherwise address whatever concerns the juvenile court may have had.
Mr. Sensley has not appealed the juvenile court’s judgment, nor has he responded to the appeal by DSS. However, the juvenile court submitted a per curiam into the record in support of its decision to modify the recommendation of the hearing officer in this fashion. According to the per curiam, which was not signed until May 20, 2010, five months after the signing of the judgment contested on appeal, the juvenile court alleged that the rule to establish child support filed by DSS in this matter did not contain a prayer for medical coverage concerning the minor child. Therefore, the juvenile court excluded the language concerning medical coverage, because the juvenile court concluded that the language was not in compliance with 45 C.F.R. § 303.31 and LSA-R.S. 46:236.5. In so doing, it appears that the juvenile court noticed, on its own motion, a perceived failure to state a cause of action with regard to medical support for the minor child in the rule to establish support. For the following reasons, we conclude that the juvenile court’s view of the pleadings was too narrow.
According to the rule to establish support, DSS alleged that Mr. Sensley was gainfully employed at all times and had the ability to provide support on behalf of the minor child. DSS further requested that the “Court set a support obligation at a fair and reasonable amount for the support of the minor ehild(ren), to be paid by the Defendant, payable through [DSS].” While it is true that there is no specific mention of a request for payment of medical coverage or medical support anywhere in the rule to establish support, there was no necessity for such a request in light of the definition of 17support found in LSA-R.S. 46:236.3(A)(7). Pursuant to that definition, “support” means “child support, spousal support, and medical support established by a court order and any amounts ordered under R.S. 46:236.5.” Clearly, this definition specifically encom *234 passes medical support,[7] and the recommendation and order of the hearing officer that Mr. Sensley obtain medical insurance coverage for the minor child was in compliance with LSA-R.S. 46:236.5. Furthermore, the term “support obligation” used by DSS in its rule to establish support is certainly broad enough to include all facets of the child support obligation, including health insurance premiums. See LSA-R.S. 9:315(0(6).
Moreover, once the court determines the basic child support obligation pursuant to LSA-R.S. 9:315.2, the total child support obligation shall be determined by adding together the basic child support obligation amount, the net child care costs, the cost of health insurance premiums, extraordinary medical expenses, and other extraordinary expenses. LSA-R.S. 9:315.8(A). In addition, in any case in which DSS is providing support enforcement services, the child support order shall require one or both of the parties to provide “medical support” for the child. LSA-R.S. 9:315.4(B).
Based on the above statutory provisions, it is clear that a request to provide medical support for the minor child was encompassed within the term “support obligation.” Furthermore, because this matter is one in which DSS is providing support enforcement services, the child support order “shall” require that one or both of the parties provide medical support for the child. See LSA-R.S. 9:315.4(B). By removing the provision in the hearing officer’s recommendation that required Mr. Sensley to obtain medical insurance coverage for the minor child, the juvenile court ignored this statutory mandate. Accordingly, we find that the juvenile court erred in its apparent determination that the rule to establish support failed to state a cause of action with regard to medical support for the minor child.
The juvenile court further contends in its per curiam that it was authorized to | ^modify the hearing officer’s recommendation, because there was no finding in the recommendation that the custodial parent did not have satisfactory health insurance other than Medicaid, as required by 45 C.F.R. § 303.31. In support of this position, the juvenile court cited a version of 45 C.F.R. § 303.31 that required DSS to petition the court to include health insurance costs for the minor child if the custodial parent and the minor child did not have satisfactory health insurance other than Medicaid. This version of 45 C.F.R. § 303.31 is no longer in effect, however, and the current version has no such requirement.[8] Furthermore, even if the version cited by the juvenile court were still valid, it overlooks the effect of LSA-R.S. 9:315.4(3), which mandates that the child support order require one or both of the parties to provide medical support for the child. In addition, the juvenile court’s contention fails to acknowledge that the parties stipulated that Mr. Sensley would provide health insurance coverage for the minor child.[9]
The juvenile court judge also contended in her per curiam that she, and not the *235 hearing officer, was the elected official sworn to uphold the law. According to the per curiam, the hearing officers are employees of the judges whose duties are to hear cases, act as finders of fact, and provide recommendations to the judge. The juvenile court judge further asserted that she was under no obligation to accept the recommendation of the hearing officer.
It is true that the juvenile court in this case is granted authority to adjudicate those matters within its jurisdiction “as provided by law.” LSA-Const. art. V, § 18. However, the authority of the juvenile court “as provided by law” in this case is found in LSA-R.S. 46:236.5, because the hearing utilized the expedited process for the establishment of paternity and the establishment and enforcement of support. See RLSA-R.S. 13:1621(A)(3).[10] Therefore, with that grant of such authority came specified parameters within which the juvenile court judges were bound. Pursuant to those parameters, the recommendation of the hearing officer becomes the final judgment of the court if no objection is filed by either party within three days of the filing of the hearing officer’s recommendation.[11] See LSA-R.S. 46:236.5(0(7); La. Juv. Ct. R. 41.2, App. 24. It is clear that under the statutory scheme established by LSA-R.S. 46:236.5 and the local rule adopted by the juvenile court, the hearing officer’s recommendation had, by operation of law, become a final judgment of the court, since no written objection was filed with the clerk of court within three days following the hearing. Furthermore, since LSA-R.S. 46:236.5(0(7) and the local rule mandate that the court sign such an order once it has become a final judgment, as it had here, the juvenile court lacked authority to modify such judgment.[12] See C.G.D. v. M.W.D., 00-1492 (La.App. 3rd Cir.2/28/01), 782 So.2d 1128, 1131. Therefore, we find that the juvenile court committed legal error in modifying the recommendation of the hearing officer once it had become a final judgment in accordance with LSA-R.S. 46:236.5(0(7) and the local rule adopted by the juvenile court. Moreover, in light of the mandate set forth by LSA-R.S. 46:236.5(0(7) and the local rule, we remand this matter to the juvenile court with instructions that it execute an amended judgment incorporating the paragraph of the hearing officer’s recommendation *236 that required Mr. Sensley to obtain | inmedical insurance coverage for the minor child.
CONCLUSION
For the above reasons, we conclude that the juvenile court erroneously modified the hearing officer’s recommendation after that recommendation had become a final judgment of the court, by operation of law, in accordance with LSA-R.S. 46:236.5(C)(7) and the local rule adopted by the juvenile court. Accordingly, we remand the matter to the juvenile court, with instructions to execute an amended judgment incorporating the October 21, 2009 recommendation of the hearing officer that required Mr. Sensley to obtain medical insurance coverage for the minor child. Each party is to bear its own costs of this appeal, which total $121.50.
REMANDED WITH INSTRUCTIONS.
GUIDRY, J., concurs in the result.

. The matter had come before the hearing officer previously in August 2009; however, no payment determination was made at that time because Mr. Sensley challenged paternity, and a paternity test was scheduled. Based upon the paternity test to which Mr. Sensley submitted, the probability of his being the father of the minor child at issue in this matter was 99.99%.

. Mr. Sensley also was to pay an additional 5% of this amount as an administrative fee in accordance with LSA-R.S. 46:236.5(B)(1).

.The minute entry concerning the signing of this judgment simply stated that on December 14, 2009, the juvenile court judge rendered, read, signed, and filed a judgment in accordance with the recommendation of October 21, 2009. There was no mention that the hearing officer’s recommendation had been modified in any way.

. According to DSS, there are currently forty-three other judgments in which this division of the juvenile court has modified the hearing officer's recommendation by deleting the paragraph concerning medical coverage. Those appeals have apparently been stayed, on motion of the district attorney, pending the outcome of this case. In addition, the district attorney has represented in its brief that there are numerous other cases in which the judgments have not been signed pending the outcome of this appeal.

. Louisiana Children’s Code articles 1352— 1355 provide for proceedings concerning criminal neglect of family. Article 1355 specifically provides for cases in which the parent owing a duty of support and the district attorney stipulate to an order of support. In such circumstances, the court shall have the power to issue an order of support pursuant to the provisions of Article 1352 without the necessity of instituting criminal proceedings pursuant to LSA-R.S. 14:74.

. Effective June 1, 2010, amendments by the Louisiana Supreme Court renumbered Juvenile Court Appendix 24 to Appendix 41.0, and Rule 41.2 was redesignated as Rule 41.0. All references in this opinion will be to Rule 41.2 and Appendix 24, which were in effect at the time of the hearing in this matter.

. Notably, "medical support” is defined in LSA-R.S. 9:315(C)(6) as "health insurance and the payment of the medical expenses of the child."

. The current version of 45 C.F.R. § 303.31 became effective July 21, 2008.

.In furtherance of and in addition to making written recommendations as set forth in LSA-R.S. 46:236.5(C)(3), hearing officers are empowered to accept voluntary acknowledgments of support liabilities and stipulated agreements setting forth the amount of support to be paid. See LSA-R.S. 46:236.5(C)(4)(h).

. At the time this matter was heard, LSA-R.S. 13:1621 (A)(3) provided, in pertinent part:
A. There shall be a separate juvenile court for the parish of East Baton Rouge which shall be a court of record and shall be known as the "Juvenile Court for the Parish of East Baton Rouge". There shall be two judges of the juvenile court, who shall preside over that court. The court shall have exclusive jurisdiction in the following proceedings:
(3) All such additional jurisdiction, power, and authority now or hereafter provided by law for juvenile courts, and particularly but not restricted to the jurisdiction, power, and authority under the provisions of ... R.S. 46:236.5....

. This is in contrast to LSA-Ch.C. art. 423(F), which grants a ten-day period for the filing of objections to the hearing officer’s recommendation. In addition, LSA-Ch.C. art. 423(G) appears to grant the juvenile court judge some discretion on the issue of whether the hearing officer’s recommendation should be approved; however, this same discretion is not granted in LSA-R.S. 46:236.5(C)(7).

.In addition, as noted above, the modification made by the juvenile court to the hearing officer’s recommendation was contrary to the mandate of LSA-R.S. 9:315.4(B). Therefore, even if the juvenile court were empowered to modify the hearing officer’s recommendation, despite the clear language of LSA-R.S. 46:236.5(C)(7) and the local rule, the removal of the requirement that Mr. Sensley provide health insurance coverage for the minor child, under the circumstances of this case, would not constitute a lawful modification.