# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 25-741

**MATTHEW J. BROUSSARD**

**VERSUS**

**ANNA K. MACK**

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 202510451
HONORABLE DAVID A. BLANCHET, DISTRICT JUDGE

**********

**VAN H. KYZAR
JUDGE**

**********

Court composed of Van H. Kyzar, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**Jeffery S. Wittenbrink**
**Wittenbrink Law Firm**
**331 St. Ferdinand Street**
**Baton Rouge, LA 70802**
**(225) 308-6850**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Anna K. Mack**

**Matthew J. Broussard**
**207 Thirteenth Street**
**Mermentau, LA 70566**
**(337) 368-5661**
**PLAINTIFF/APPELLEE:**
    **PRO SE**

**KYZAR, Judge.**

Defendant, Anna K. Mack, appeals from two trial court judgments adopting the custody and visitation recommendations and the child support recommendations of the hearing officer in favor of Plaintiff, Matthew J. Broussard. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Plaintiff and Defendant, although never married, are the parents of two minor children. On May 14, 2025, Plaintiff, in proper person, filed a Rule for Custody, Visitation, Paternity, Child Support, Spousal Support or Other Relief against Defendant, seeking sole custody of the children, supervised periodic visitation in favor of Defendant, and child support. The trial court's May 25, 2025 order set a hearing officer conference for July 8, 2025, and a subsequent August 5, 2025 hearing in the event either party timely objected to the hearing officer's recommendations.

Defendant was personally served with Plaintiff's rule on June 9, 2025. On Thursday, July 3, 2025, Defendant retained counsel to represent her at the hearing. On July 7, counsel notified the hearing officer and the Acadia Parish Clerk of Court of his representation of Defendant via email and facsimile. As he was unable to attend the July 8 hearing, he requested that the matter be continued. Based on his telephone conversation with a deputy clerk, he was incorrectly told that his letter requesting a continuance was sufficient to continue the matter and that a formal motion was not necessary. He later received an email from the deputy clerk informing him that she had "filed the fax letter and removed the matter from the docket." Based on this response, counsel informed Defendant that the matter had been continued.

Plaintiff, who was now represented by counsel, appeared at the July 8, 2025 hearing before the hearing officer with his counsel present. In the July 9, 2025 findings of fact regarding the custody and visitation issue and the child support issue, the hearing officer stated:

> Counsel for the mother, who the undersigned notes is not formally enrolled in this matter, reached out to the clerks' [sic] office Monday, July 7, 2025, the day before this conference, and requested that today's hearing be continued via letter fax filed with the clerk's office. Apparently, the clerk's office responded to counsel that the matter would be taken off of the docket while advising of the cost for filing a formal and order to re-set. Thereafter, the undersigned hearing officer contacted counsel via email to inquire if the other party was contacted and whether or not the continuance was opposed or unopposed. The undersigned hearing officer never received any response from counsel for the mother. A copy of the email correspondence and letter from counsel for the mother is attached hereto.

> As of the start of today's hearing, counsel appeared for the father and states that neither she nor the father were ever contacted by the mother's attorney regarding any request for a continuance of today's conference. Counsel for the father was provided a copy of said email string and fax letter from the mother's attorney.

> Counsel for the father states that the father opposes any continuance as the mother was served on or about June 9, 2025 (approximately 30 days ago) in addition to the fact that the father has serious concerns about the mother's alleged drug use and dating history wherein one previous boyfriend was allegedly physically abusive to one or both children.

> Furthermore, the undersigned hearing officer notes that the mother's attorney has also not filed any formal motion and order to continue today's hearing which the undersigned hearing officer has no authority to address as the issue of a contested continuance would have to be heard by the assigned Judge. The undersigned hearing officer did reach out to the mother's attorney via telephone call to counsel's cell phone (with counsel for the father present), but the mother's attorney did not answer nor did he return undersigned's call at any time during the conference after undersigned left a message for the mother's attorney.

> Considering all of the above, the undersigned hearing officer finds that there is no formal request for a continuance pending, or heard by the assigned Judge for that matter, and must proceed with today's

2

hearing as the father (mover) is present with his attorney and the mother has failed to appear despite having been properly served with notice to appear for today's hearing officer conference.

On the issue of custody and visitation, the hearing officer recommended that the parties be granted joint custody of the children, with Plaintiff named the domiciliary parent, and Defendant granted periodic visitation. She also recommended that Defendant undergo drug screening for possible substance abuse, and if these tests were positive, that her visitation be supervised by her mother. On the issue of child support, the hearing officer imputed Defendant with a gross monthly minimum-wage income of $1,005.00 (10%) based on Plaintiff's testimony that he thought she was employed full time. Plaintiff's monthly gross income was determined to be $8,676.32 (90%). Based on these findings, the hearing officer recommended that Defendant pay $207.60 per month in child support and $422.12 in arrearages for child support owed between May 14–July 14, 2025. The hearing officer recommendations further provided a deadline of 4:30 p.m. on July 17, 2025, for the filing of a written objection to the recommendations. A copy of both hearing officer recommendations were mailed to Defendant and emailed to her counsel on July 9, 2025.

Counsel for Defendant fax-filed a written objection to the hearing officer recommendations and a notice of enrollment as counsel of record for Defendant on July 17, 2025, at 10:33 p.m. The objection and the notice were then filed into the record on July 18, 2025, at 9:40 a.m. Plaintiff opposed Defendant's objection. On July 29, 2025, the trial court rendered judgments adopting the hearing officer recommendations based on a deputy clerk's certification "that no objection was timely filed to the Hearing Officer Conference Report" in either matter. Subsequent

3

to these judgments, Plaintiff's counsel filed a motion to withdraw as counsel of record, which was granted. Thereafter, Defendant perfected this appeal.

After the appeal was lodged, this court determined that the two July 29, 2025 judgments failed to contain the proper decretal language in that they failed to specify the relief awarded pursuant to La.Code Civ.P. art. 1918(A). An order was issued on December 17, 2025, suspending Defendant's appeal and remanding the matter to the trial court for the judgments to be amended to include the hearing officer's findings. Thereafter, the judgments were amended on January 5, 2026, and submitted to this court.

On appeal, Defendant raises two assignments of error:

1.  The trial court erred in failing to grant the Plaintiff/Appellant's request for continuance of the trial.

2.  The trial court failed in conducting either a new hearing officer conference, or de novo review, or both.

**OPINION**

Defendant asserts that the trial court erred in failing to grant a continuance of the hearing officer conference scheduled for July 8, 2025, or alternatively, that it erred in not rescheduling the hearing officer conference or in not reviewing the matter de novo. However, in brief, Defendant does not set forth any argument establishing the errors as alleged but, rather, argues for the first time that the judgment of the trial court should be annulled for fraud and ill practices pursuant to La.Code Civ.P. art. 2004.

We find that none of these issues were ever squarely placed before the trial court in a either a properly filed motion to continue the hearing officer conference, a timely objection to the hearing officer recommendations, or a motion for new trial. Nor has a petition to annul the judgment of the trial court for fraud or ill practices

4

been filed, served on the opposing party, or heard by the trial court. "The well-settled jurisprudence of this court establishes that as a general matter, appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed." *Council of City of New Orleans v. Washington*, 09-1067, p. 3 (La. 5/29/09), 9 So.3d 854, 856.

### *No Motion to Continue was Filed*

As Defendant contends that the trial court erred in failing to continue the July 8, 2025 hearing officer conference, the more specific continuance rule of the Fifteenth Judicial District Court applies as opposed to the Louisiana Code of Civil Procedure's general continuance rules. *See* La.Code Civ.P. arts. 1602–1605. In a family law proceeding in the Fifteenth Judicial District Court, Appendix 24.8A of the Louisiana District Court Rules provides:

> A. If the parties mutually agree to continue a scheduled Hearing Officer Conference, the attorney(s) of record and any unrepresented party shall notify the office of the Hearing Officer in writing of the continuance so that the matter can be removed from the Hearing Officer's calendar.

> B. A copy of a contested motion to continue that would continue a scheduled Hearing Officer Conference shall be provided to the office of the appropriate Hearing Officer prior to its presentation to the Court for signature and said motion or judgment shall contain a certificate signed by the party or his counsel verifying that a copy has been sent to the opposing party or his counsel and that the office of the Hearing Officer has been supplied with a copy of the motion. If the order is signed, the attorney(s) and any unrepresented party shall notify the office of the Hearing Officer in writing of the signing.

As this was not a mutually agreed-upon continuance, only the provisions of subpart "B" of the rule apply. The language of that rule is mandatory, as it uses the word "shall," which removes any discretion the hearing officer or trial court would have to deviate from that procedure. La.Code Civ.P. art. 5053. "Under well-established rules of interpretation, the word 'shall' excludes the possibility of being

5

'optional' or even subject to 'discretion,' but instead 'shall' means 'imperative, of similar effect and import with the word "must."'" *La. Fed'n of Tchrs. v. State*, 13-120, p. 26 (La. 5/7/13), 118 So.3d 1033, 1051. Thus, the proper procedure for requesting a continuance of the hearing officer conference was not followed. No motion to continue was filed with the hearing officer for presentation to the trial court for consideration, and no certificate attesting to the notice required to the opposing party was provided. The trial court was never given the opportunity to consider such a motion. Accordingly, we are prohibited from considering whether the trial court erred by failing to grant a continuance in this matter.

***No Timely Objection to Hearing Officer Recommendations was Filed***

Pursuant to the written recommendations of the hearing officer, dated July 9, 2025, Defendant had until 4:30 p.m. on July 17, 2025, to file written objections. While Defendant asserts that she timely filed objections to the hearing officer recommendations, the record clearly reflects that the written objections were not filed electronically with the clerk of court until July 17, 2025, at 10:33 p.m.[1] A motion to enroll as counsel of record was also filed at the same time. Thereafter, the trial court signed a judgment on July 29, 2025, adopting the hearing officer recommendations and making them the judgment of the court. Accompanying each judgment is a certificate of the clerk of court that no objection to the hearing officer recommendation was timely filed, noting the filing deadline as July 17, 2025, at 4:30

---

[1] The fax time stamp indicates that Defendant's written objection was received by the Acadia Parish Clerk of Court at 03:33:03 GMT on July 18, 2025, which equates to 10:33:03 p.m. CDT on July 17, 2025. The clerk's time stamp indicates that the document was received by fax on July 18, 2025, at 10:44 p.m. and then filed into the record on July 18, 2025, at 9:40 a.m. Plaintiff, in his written response to Defendant's objection, acknowledges that the written objections were received by the clerk of court by electronic transmission on July 17, 2025, but not until 10:36 p.m. after the deadline.

6

p.m. Only when a timely objection is made to the hearing officer recommendation is the trial court required to set a contested hearing date. La.Dist.Ct. Rule 35.7.

Louisiana Revised Statutes 46:236.5 provides for an expedited process in district courts, which uses hearing officers "for the establishment of paternity and the establishment and enforcement of support and other related family and domestic matters[,]" including custody and visitation. La.R.S. 46:236.5(C). As provided by La.R.S. 46:236.5(C)(6):

> A copy of any written recommendations, orders, or uncontested judgments rendered by the hearing officer shall be provided to the parties and their counsel at the time of the hearing officer's ruling, if present. Any party who disagrees with a judgment or ruling of a hearing officer on a matter set forth in Paragraph (3) may file a written objection to the findings of fact or law of the hearing officer within the time and manner established by court rule. The objection shall be heard by the judge of the district court to whom the case is assigned. Upon filing of the objection, the court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer. If the judge in his discretion determines that additional information is needed, he may receive evidence at the hearing or remand the proceeding to the hearing officer.

Additionally, La.R.S. 46:236.5(C)(7) provides that "[i]f no written objection is filed with the clerk of court within the time and manner established, the order shall become a final judgment of the court and shall be signed by a judge and appealable as a final judgment." *See C.G.D. v. M.W.D.*, 00-1492 (La.App. 3 Cir. 2/28/01), 782 So.2d 1128.

As no timely objection was filed in this matter, the trial court did not err by adopting the hearing officer recommendations as the judgment of the court without first holding a hearing to consider the matter.

### Fraud or Ill Practices

Defendant argues for the first time on appeal that the judgments of the trial court should be annulled as they were obtained by fraud or ill practices. In *Power*

7

*Marketing Direct, Inc. v. Foster*, 05-23, p. 11 (La. 9/6/06), 938 So.2d 662, 670 (emphasis added), the supreme court stated that "trial courts are permitted discretion in deciding when a judgment should be annulled because of fraud or ill practices, *to which discretion reviewing courts will defer*." This presupposes that the trial court was properly presented with the issue. Here, it was not.

An action to annul a judgment obtained through a vice of form is absolutely null, and such action may be brought by a person with interest in a "collateral proceeding[] at any time and before any court." *Taylor v. Hixson Autoplex of Alexandria, Inc.*, 00-1096, p. 7 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, 1286, *cert. denied*, 535 U.S. 1101, 122 S.Ct. 2303 (2002); La.Code Civ.P. art. 2002. However, an action to nullify a judgment for a vice of substance "may not be brought by collateral attack but must be brought by direct action." *In re Succession of Bernat*, 13-277, p. 11 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, 1285, *writ denied*, 13-2640 (La. 2/7/14), 131 So.3d 865. "Thus, the party praying for the nullity of a relatively null judgment must bring his action by means of a petition, and the adverse party must be cited to appear, as in ordinary suits." *Smith v. LeBlanc*, 06-41, p. 6 (La.App. 1 Cir. 8/15/07), 966 So.2d 66, 72. Furthermore, a direct action may be brought in either "a separate proceeding or by the filing of a pleading in the same proceeding as that in which the offending judgment was rendered." *Id.*

As an action to nullify these judgments pursuant to La.Code Civ.P. art. 2004 for fraud or ill practices was never properly presented to the trial court for consideration, we cannot consider this issue in this appeal. Accordingly, we find no merit in Defendant's assignments of error.

**DECREE**

For the foregoing reasons, the judgments of the trial court are affirmed. The costs of this appeal are assessed to Anna K. Mack.

**AFFIRMED.**